Cuauhtemoc **DUARTE–RODRIGUEZ,**
Petitioner,

v.

Eric H. **HOLDER** Jr., **Attorney General, Respondent.**

No. 04–73932.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Nov. 16, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cuauhtemoc Duarte–Rodriguez, Holt Ville, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Cuauhtemoc Duarte–Rodriguez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's determination of questions of law, except to the extent that deference is owed to its interpretation of the governing statutes and regulations. *See Morales–Garcia v. Holder*, 567 F.3d 1058, 1061 (9th Cir.2009). We grant the petition for review and remand.

The agency concluded that Duarte–Rodriguez was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, one of which was receipt or possession of stolen property, in violation of California Penal

** This disposition is not appropriate for publication and is not precedent except as provid-

Code § 496(a). Subsequent to the BIA's order, we held that a conviction under § 496(a) is not categorically a crime involving moral turpitude. *See Castillo–Cruz v. Holder*, 581 F.3d 1154, 1159–61 (9th Cir. 2009).

We therefore grant the petition for review and remand for the agency to address in the first instance whether Duarte–Rodriguez's conviction for receipt or possession of stolen property qualifies as a crime involving moral turpitude under the modified categorical approach. *See Morales–Garcia*, 567 F.3d at 1066–67.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**